<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY


WILTON RIVERA, JR.,                    :
also known as                         :   Civil Action No. 12-7623 (DMC)
WALTER RIVERA                          :
                                      :
            Plaintiff,                :
                                      :
            v.                        :      **OPINION**
                                      :
KRISTEN FUSIAK,                       :
                                      :
            Defendant.                :


**APPEARANCES:**

        WILTON RIVERA, JR., Plaintiff <u>pro</u> <u>se</u>
        #245599
        Hudson County Correctional Center
        35 Hackensack Avenue
        Kearny, New Jersey 07032

**CAVANAUGH**, District Judge

        Plaintiff, Wilton Rivera, Jr., also known as Walter Rivera,

a state inmate confined at the Hudson County Correctional Center

in Kearny, New Jersey, at the time he filed this Complaint,

seeks to bring this action *in forma pauperis*.  Based on his

affidavit of indigence, the Court will grant Plaintiff's

application to proceed *in forma pauperis* ("IFP") pursuant to 28

U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file

the Complaint.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be dismissed at this time.

## I.   BACKGROUND

Plaintiff, Wilton Rivera, Jr. ("Plaintiff"), brings this civil action, pursuant to 42 U.S.C. § 1983, against Detective Kristen Fusiak of the Hudson County Prosecutor's Office, Special Victim's Unit.  (Complaint, Caption, ¶¶ 4b, 6.)  The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff alleges that, on or about March 16, 2011, Detective Paul Kwiecinski and Sgt. Patrick Barrett, along with members of the Jersey City Police Department Warrant Squad, arrested Plaintiff pursuant to Warrant No. 2011-001710-0906 for charges of aggravated sexual assault, sexual assault by contact, endangering the welfare of a child, and child abuse.  (Compl., ¶ 6, Exhibit A – Arrest Report.)  The next day, on March 17, 2011, members of the Hudson County Prosecutor's Office Special Victims

2

Unit placed Cynthia Padilla and Michelle Muti under arrest for charges of witness tampering, hindering, two counts of endangering the welfare of a child, and two counts of child abuse, pursuant to Warrant Nos. 2011-001768-0906 and 2011-001770-0906, respectively.  (Compl., ¶ 6 and Ex. B - Arrest Reports.)

Plaintiff alleges that Defendant Fusiak coerced Cynthia Padilla into giving a false statement against Plaintiff. Plaintiff refers to an Exhibit E, not attached, which is purportedly a statement by Michelle Muti that supports Plaintiff's innocence.  (Compl., ¶ 6.)  Plaintiff does attach, however, at Exhibit D, a partial transcript of Ms. Muti's guilty plea on October 18, 2011, which does not exonerate Plaintiff in any way.  Plaintiff also alleges that he was incarcerated in Puerto Rico during the time period in which the alleged incidents occurred.  (Compl., ¶ 6, Ex. C.)

Plaintiff asserts claims of false arrest, false imprisonment, excessive force, and denial of due process. (Compl., ¶ 6.)  He seeks $15 million in compensatory, punitive and defamatory damages.  (Compl., ¶ 7.)

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996),

3

requires a district court to review a complaint in a civil
action in which a prisoner is proceeding *in forma pauperis* or
seeks redress against a governmental employee or entity.  The
Court is required to identify cognizable claims and to *sua
sponte* dismiss any claim that is frivolous, malicious, fails to
state a claim upon which relief may be granted, or seeks
monetary relief from a defendant who is immune from such relief.
28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  This action is subject to
*sua sponte* screening for dismissal under both 28 U.S.C. §
1915(e)(2)(B) and § 1915A.

        For a complaint to survive dismissal, it "must contain
sufficient factual matter, accepted as true, to 'state a claim
to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*,
556 U.S. 662, 678 (2009)(quoting *Bell Atlantic Corp. v. Twombly*,
550 U.S. 554, 570 (2007)).  "The plausibility standard is not
akin to a 'probability requirement,' but it asks for more than a
sheer possibility that a [party] has acted unlawfully."  *Iqbal*,
556 U.S. at 678.  Notably, the court is not required to accept
"legal conclusions," and "[t]hreadbare recitals of the elements
of a cause of action, supported by mere conclusory statements,
do not suffice."  *Iqbal*, 556 U.S. at 678.  In other words, a
civil complaint must now allege "sufficient factual matter" to
show that the claim is facially plausible.  This then "allows

4

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009)(citing *Iqbal*, 556 U.S. at 676). *See also Bistrian v. Levi*, 2012 WL 4335958, *8 (3d Cir. Sept. 24, 2012)(allegations that are no more than conclusions are not entitled to the assumption of truth; a court should "look for well-pled factual allegations, assume their veracity, and then 'determine whether they plausibly give rise to an entitlement to relief.'")(quoting, *Iqbal*, 556 U.S. at 679).

The Third Circuit recently cautioned, however, that *Twombly* and *Iqbal* "do not provide a panacea for defendants," rather, "they merely require that plaintiff raise a 'plausible claim for relief.'" *Covington v. International Association of Approved Basketball Officials*, ___ F.3d ___, 2013 WL 979067, *2 (3d Cir. March 14, 2013)(quoting *Iqbal*, 556 U.S. at 679). Thus, factual allegations must be more than speculative, but the pleading standard "is not akin to a 'probability requirement.'" *Covington, supra* (quoting *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556). In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

5

III.  SECTION 1983 ACTIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983.

Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person
> within the jurisdiction thereof to the deprivation of
> any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994). *See also Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

IV.  DISCUSSION

A.  False Arrest and False Imprisonment Claim

"To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable

6

cause."[1] *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012); *see also Albright v. Oliver*, 510 U.S. 266, 274-75 (1994); *Ferry v. Barry*, No. 12-009, 2012 WL 4339454, at *5 (D.N.J. Sept. 19, 2012).  Probable cause is an "absolute defense to ... false arrest, false imprisonment and § 1983 claims." *Wildoner v. Borough of Ramsey*, 162 N.J. 375, 744 A.2d 1146 (2000).  "Probable cause to arrest exists when the facts and the circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested."  *Merkle v. Upper Dublin Sch. Dist.*, 211

---

[1] A claim for false imprisonment arises where a person is arrested without probable cause and subsequently detained pursuant to that unlawful arrest. *Adams v. Selhorst*, 449 Fed. Appx. 198, 201 (3d Cir. 2011)(quoting *Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995)).  *See also Wallace v. Kato*, 549 U.S. 384, 389 (2007); *O'Connor v. City of Philadelphia*, 233 Fed. Appx. 161, 164 (3d Cir. 2007); *and see Wildoner v. Borough of Ramsey*, 162 N.J. 375, 389 (N.J. 2000)(recognizing the existence of probable cause as a complete defense to false imprisonment).

Notably, the period of false arrest and imprisonment is very short: a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest, refers only to the period of incarceration lasting from the moment of arrest until the first legal action, e.g., an arraignment. *See Groman*, 47 F.3d at 636.  Indeed, the Supreme Court explained that, "[f]alse arrest and false imprisonment overlap; the former is a species of the latter," *Wallace*, 549 U.S. at 388, and the damages recoverable under such claim are limited to those ensuing from the period of detention until the first legal action. *See Connelly v. Wren*, No. 12-2123 (NLH), 2013 WL 74233, *4 (D.N.J. Jan. 4, 2013).

F.3d 782, 788 (3d Cir. 2000)(internal quotation marks and citations omitted); *accord Revell v. Port Authority of New York, New Jersey*, 598 F.3d 128, 137 n. 16 (3d Cir. 2010); *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482 (3d Cir. 1995).  The arresting officer must only reasonably believe at the time of the arrest that an offense is being committed, a significantly lower burden than proving guilt at trial.  *Wright v. City of Phila.*, 409 F.3d 595, 602 (3d Cir. 2005).

Thus, "[p]robable cause does not require the same type of specific evidence of each element of the offense as would be needed to support a conviction." *Adams v. Williams*, 407 U.S. 143, 149 (1972).  "[T]he evidentiary standard for probable cause is significantly lower than the standard which is required for conviction." *Wright*, 409 F.3d at 602.  "[T]he kinds and degree of proof and the procedural requirements necessary for a conviction are not prerequisites to a valid arrest." *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979) (citations omitted); *see also Wilson v. Russo*, 212 F.3d 781, 789 (3d Cir. 2000)(holding that probable cause only requires a "fair probability" that a person committed the relevant crime).  "In other words, the constitutional validity of the arrest does not depend on whether the suspect actually committed any crime." *Wright*, 409 F.3d at 602.  *See also Fiore v. City of Bethlehem*, No. 11-3043, 2013 WL

8

203410 (3d Cir. Jan. 18, 2013)(rejecting claim that "later dismissal of the charges against [plaintiff] due to insufficient evidence equates to a determination that no probable cause existed for his arrest," since "probable cause does not require the same type of specific evidence as would be needed to support a conviction")(citations and internal quotation marks omitted).

Although the question of probable cause is generally a question for the jury, a district court may conclude summarily "that probable cause exists as a matter of law if the evidence, when viewed in the light most favorable to the plaintiff, reasonably would not support a contrary factual finding." *Merkle*, 211 F.3d at 788-789 (internal quotation marks and citation omitted).

In this case, Plaintiff acknowledges that he was arrested pursuant to a warrant, however, it appears that Plaintiff is asserting that the warrant was not supported by probable cause because it was obtained by Defendant who allegedly coerced Padilla and Muti into giving false statements.

"[A]n arrest warrant issued by a magistrate or judge does not, in itself, shelter an officer from liability for false arrest." *Wilson v. Russo*, 212 F.3d 781, 786 (3d Cir. 2000) (citing *Sherwood v. Mulvihill*, 113 F.3d 396, 399 (3d Cir. 1997)). A plaintiff may succeed in an action for false arrest

9

made pursuant to a warrant if the plaintiff shows "(1) that the officer knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant; and (2) that such statements or omissions are material, or necessary, to the finding of probable cause." *Id.* at 786-87 (quotations omitted). This two-part test helps ensure that a police officer does not "make unilateral decisions about the materiality of information, or, after satisfying him or herself that probable cause exists, merely inform the magistrate or judge of inculpatory evidence." *Reedy v. Evanson*, 615 F.3d 197, 213 (3d Cir. 2010)(quoting *Wilson*, 212 F.3d at 787). The effort to determine whether "an affidavit is false or misleading must be undertaken with scrupulous neutrality." *Reedy*, 615 F.3d at 214 n. 24.

"Assertions are made with reckless disregard when, viewing all the evidence, the affiant must have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported." *Reedy*, 615 F.3d at 213 (quotation omitted). "Assertions can be made with reckless disregard for the truth even if they involve minor details—recklessness is measured not by the relevance of the information, but the demonstration of willingness to affirmatively distort truth." *Id.* (quotation omitted).

"'[O]missions are made with reckless disregard for the truth when an officer recklessly omits fact that any reasonable person would know that a judge would want to know' in making a probable cause determination." *Id.* (quoting *Wilson*, 212 F.3d at 783); *see also Badillo v. Stopko*, no. 12-2768, 2013 WL 1324597, *3 (3d Cir. April 3, 2013).

If the plaintiff succeeds in producing sufficient evidence of omissions and/or false assertions made knowingly or with reckless disregard for the truth, then the analysis proceeds to a determination of whether the omissions and/or assertions "were material, or necessary, to the finding of probable cause." *Wilson,* 212 F.3d at 789. Materiality in this regard is determined by excising the offending inaccuracies and inserting the facts recklessly omitted and then assessing whether the corrected submissions as a whole would establish probable cause. *Id.*

In the present case, Plaintiff fails to establish the first part of this test, namely, that Defendant Fusiak made false or misleading assertions or omissions in the application for the arrest warrant. Plaintiff alleges that Fusiak induced or coerced Padilla and/or Muti to make false accusations against Plaintiff. Plaintiff has not shown, however, that the statements made by Muti and Padilla were false. Indeed, while

Plaintiff attaches a partial transcript of the October 18, 2011 plea hearing for Muti and Padilla, there is no evidence in the transcript provided that these witnesses exonerated Plaintiff's involvement.  Thus, it is merely Plaintiff's bald allegation, without any factual support, that these witnesses were coerced to make false statements.

Moreover, to the extent that these witnesses provided information to Fusiak implicating Plaintiff in the crime, probable cause existed for the warrant.  *See Merkle v. Upper Dublin School District*, 211 F.3d 782, 790 (3d Cir. 2000)(a credible report from a person who witnessed a crime is sufficient to establish probable cause); *Sharrar v. Felsing*, 128 F.3d 810, 818 (3d Cir. 1997)(probable cause exists where witness to an alleged crime makes a reliable identification).

Plaintiff also appears to allege that Fusiak omitted the detail that Plaintiff allegedly was in a jail in Puerto Rico at the time of the charged crime.  To support this allegation, Plaintiff provides a certification (in Spanish) from the Department of Corrections in Puerto Rico, dated August 13, 2012, (Ex. C), more than one year after Plaintiff's arrest, to show that Plaintiff was confined in a jail or other correctional

facility in Puerto Rico on the date of the alleged crime.[2]
Because the report is dated more than one year after Plaintiff's
arrest, the report does not support Plaintiff's allegation that
Fusiak recklessly disregarded the information or willfully
omitted it in the warrant application.  Plaintiff also pleads no
facts to show that Fusiak would have known, or should have
known, at the time the warrant was obtained in 2011, that
Plaintiff was in a jail in Puerto Rico during the crime that
occurred in 1998.

   Finally, where there were corroborating statements by
Padilla and Muti implicating Plaintiff in the offense, which
were not later disputed as alleged by Plaintiff (as evidenced by
the transcript Plaintiff attached to his Complaint, as Ex. D),
the police were entitled to rely on the probable cause
determination of the neutral magistrate who issued the arrest
warrant.  *See United States v. Leon*, 468 U.S. 897, 923 (1984).

---

[2] The arrest report shows the date of the offense to be September
1, 1998.  The report from the Department of Corrections in
Puerto Rico indicates that Plaintiff was sentenced to three
years in prison on February 20, 1997, and that he was released
to the Pase Extendido del Hogar de Adaptacion Social de
Carolina, which is a "home of social adaptation," or halfway
house, designed to assist and coordinate the use of community
resources and services for members of the correctional
population.  However, on October 6, 1998, Plaintiff was returned
to prison for violating the conditions of the halfway house
(there is no explanation of said violations of conditions
provided in the certification), and completed his sentence on
April 18, 1999.

Therefore, the Court finds that there was probable cause to arrest Plaintiff, and his claim for false arrest and imprisonment will be dismissed without prejudice.[3]

B.   Due Process Claim

Plaintiff generally asserts that Defendant has denied his right to liberty without due process of law based on the use of alleged false statements to arrest and imprison Plaintiff.   To the extent that Plaintiff is making a claim separate and apart from the claim of false arrest and imprisonment, the Court construes Plaintiff's allegations as a claim of malicious prosecution.

Under both federal and New Jersey law, a claim for malicious prosecution requires, among other things, that the defendant have initiated a criminal proceeding and that the proceeding was initiated without probable cause.   *McKenna v. City of Philadelphia*, 582 F.3d 447, 461 (3d Cir. 2009)(reciting

---

[3] This dismissal is without prejudice to Plaintiff filing an amended Complaint to cure the deficiencies of this claim as noted herein.   Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]."   6 Wright, Miller & Kane, *Federal Practice and Procedure* § 1476 (2d ed. 1990)(footnotes omitted).   An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.   *Id.*   To avoid confusion, the safer course is to file an amended complaint that is complete in itself.   *Id.*

federal law); *Stolinski v. Pennypacker*, 772 F. Supp.2d 626, 640 (D.N.J. 2011)(reciting New Jersey law).   Further, malicious prosecution claims require that the criminal proceeding have terminated in favor of the accused and a termination accomplished by compromise or agreement is not considered a favorable one.   *Pittman v. Metuchen Police Dept.*, 441 Fed. Appx. 826, 829 (3d Cir. 2011)(holding that withdrawal of criminal charges pursuant to a compromise or agreement does not constitute "favorable termination" required under *Heck v. Humphrey*, 512 U.S. 477 (1994), to allow 1983 claims based on lack of probable cause to proceed); *Troso v. City of Atlantic City*, No. 10-1566 (RMB/JS), 2013 WL 1314738 (D.N.J. March 28, 2013).

In this case, Plaintiff has not alleged that his state criminal proceeding terminated in his favor.   Moreover, as stated in the preceding section of this Opinion, Plaintiff has not demonstrated the lack of probable cause for his arrest and initiation of his criminal proceedings.   Consequently, he cannot support a claim for malicious prosecution at this time, and the claim will be dismissed without prejudice accordingly.

C.   Excessive Force Claim

Finally, Plaintiff asserts a claim of excessive force. However, the Complaint is completely devoid of any factual allegations to support such a claim.  This court is not required to accept Plaintiff's bare "legal conclusion" or "label", without "sufficient factual matter" to show that the claim is facially plausible.  *Iqbal*, 556 U.S. at 678.  Therefore, this claim of excessive force will be dismissed without prejudice at this time.

V.   CONCLUSION

For the reasons set forth above, Plaintiff's Complaint will be dismissed without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1), for failure to state a claim at this time.  An appropriate order follows.

DENNIS M. CAVANAUGH
United States District Judge

Dated:  4/26/13

16